FILED
2010 Nov-30 PM 05:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CHRISTINE WATSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:10-CV-336-VEH |
| | ) |
| **SUMERA, INC. D/B/A DAIRY** | ) |
| **QUEEN, AND M. REZA, INC.** | ) |
| **D/B/A DAIRY QUEEN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Before the Court is the Plaintiff's Motion for Default Judgment (doc. 15), filed on September 15, 2010. The Plaintiff, Christine Watson (hereinafter "Ms. Watson"), seeks a default judgment against Defendants, Sumera, Inc. d/b/a Dairy Queen, and M. Reza, Inc. d/b/a Dairy Queen, pursuant to Rule 55(b), Federal Rules of Civil Procedure. For the reasons set forth below, the motion is due to be **GRANTED** in part and **DENIED** in part. Specifically, default judgment will be entered in favor of Christine Watson and against Sumera, Inc. d/b/a Dairy Queen, and M. Reza, Inc. d/b/a Dairy Queen, as to liability. A trial on the issue of damages will be scheduled by separate order.

## **FACTS AND PROCEDURAL HISTORY**

Ms. Watson filed her complaint in this court on February 16, 2010, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that the Defendants retaliated against her by terminating her employment after she engaged in protected activity. Ms. Watson exhausted all administrative remedies prior to bringing this lawsuit, and this action was timely filed. The Summons and Complaint were served upon both Defendants, Sumera, Inc. and M. Reza, Inc., on February 27, 2010. The Defendants' answers were due on or before March 22, 2010.

On April 19, 2010, Ms. Watson filed a motion for clerk's entry of default against the Defendants. (Doc. 12). The Clerk's Entry of Default was filed on April 19, 2010. (Doc. 13). On September 15, 2010, Ms. Watson asked this court to enter a default judgment. (Doc. 15). On September 16, 2010, the court entered a Show Cause Order, requiring the Defendants to show cause why a default judgment should not be entered. (Doc. 16). The Defendants' responses were due no later than October 15, 2010. The Defendants received the court's order on September 24, 2010. To date, however, the Defendants have failed to respond to the court's order, or to otherwise appear, plead, or defend. Therefore, the well-pleaded allegations of fact have been admitted by the Defendants. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

In or around May 2006, Plaintiff began working for the Defendants at the Dairy Queen located in Attala, Alabama. (Compl., doc. 1, ¶ 14, filed Feb. 16, 2010). A new owner/manager, Nasir Moman, took over on or about February 22, 2008. (Compl., doc. 1, ¶ 15). Sometime after February 22, 2008, Ms. Watson witnessed Mr. Moman commit inappropriate and unacceptable acts of sexual harassment toward a female employee. (Compl., doc. 1, ¶¶ 17-19). Ms. Watson complained to Mr. Moman about "his sexually offensive conduct." (Compl., doc. 1, ¶ 22). On June 5, 2008, Defendants terminated Ms. Watson's employment. (Compl., doc. 1, ¶ 26). Ms. Watson was terminated approximately two weeks after she complained and engaged in protected activity. (Compl., doc. 1, ¶ 27).

## DISCUSSION

FED. R. CIV. P. 55 "applies to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend.'" *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986), *quoting* FED. R. CIV. P. 55(a). "Thus a court can enter a default judgment against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade*, 803 F.2d at 1134. "In this Circuit, 'there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor.'" *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, ___ F. Supp. 2d ___, 2010

WL 3672257, at *2 (S.D. Ala. Sept. 10, 2010), *citing In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir.2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). "Nonetheless, it is well established that a 'district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure.'" *PNCEF, LLC*, 2010 WL 3672257, at *2, *quoting Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"The law is clear, however, that defendants' failure to appear and the Clerk's Entry of Default do not automatically entitle [a plaintiff] to a default judgment in the requested (or any) amount." *PNCEF, LLC*, 2010 WL 3672257, at *3. "Indeed, a default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" *PNCEF, LLC*, at *3, *quoting Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint

4

states a claim for relief"). "Stated differently, 'a default judgment cannot stand on a complaint that fails to state a claim.'" *PNCEF, LLC*, at *3, *quoting Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

**Defendants' Liability:**

Ms. Watson has asserted a claim of retaliation under Title VII. "'To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events.'" *Pennington v. City of Huntsville, Ala.*, 261 F.3d 1262, 1266 (11th Cir. 2001), *quoting Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir.1998) (*citing Meeks v. Computer Associates Int'l*, 15 F.3d 1013, 1021 (11th Cir.1994)). "The causal link element is construed broadly so that 'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" *Pennington*, 261 F.3d at 1266, *quoting Olmsted*, 141 F.3d at 1460 (other citations omitted). "The plaintiff must at least establish that the employer was actually aware of the protected expression at the time the employer took adverse employment action against the


plaintiff." *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997) (other citations omitted). "The employer's awareness of the statement may be established by circumstantial evidence." *Holifield*, 115 F.3d at 1566 (citation omitted). In addition, "the amount of time between the protected activity and the adverse employment action is one factor that may tend to prove or disprove a causal link in a retaliation case." *Thomas v. Ala. Home Const.*, 271 F. App'x 865, 868 (11th Cir. 2008), *citing Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir.1986) (holding that one month is sufficiently proximate).

In this case, the Defendants[1] terminated Ms. Watson's employment in retaliation for Ms. Watson's action in engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Ms. Watson engaged in statutorily protected expression by complaining about inappropriate and offensive sexual harassment. Two weeks later, the Defendants terminated Ms. Watson's employment. Ms. Watson's termination and the protected activity in which she engaged are not completely unrelated because Ms. Watson was terminated only

---

[1] Both Defendants, Sumera, Inc. d/b/a Dairy Queen and M. Reza, Inc. d/b/a Dairy Queen, are corporations doing business in the State of Alabama. (Compl., doc. 1, ¶¶ 3-4). At all times relevant to this action, the Defendants have maintained and operated a business in Alabama. (Compl., doc. 1, ¶¶ 3-4). In addition, the Defendants are engaged in an industry affecting commerce, have fifteen or more employees, and are employers within the meaning of 42 U.S.C. § 2000e(b), (g) and (h). (Compl., doc. 1, ¶¶ 3-4).

two weeks after she complained of the inappropriate sexual harassment, and her employer was aware that she had engaged in protected activity. Based upon the foregoing, the court is satisfied that Ms. Watson has stated a claim of retaliation under Title VII. Based upon the Defendants' failure to answer or otherwise appear in this case, the court finds that the Defendants are liable to Ms. Watson. Ms. Watson is entitled to entry of partial default judgment under FED. R. CIV. P. 55 as to liability against the Defendants, Sumera, Inc. d/b/a Dairy Queen, and M. Reza, Inc. d/b/a Dairy Queen.

**Plaintiff's Damages:**

"'While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.'" *PNCEF, LLC*, 2010 WL 3672257, at *4, *quoting Virgin Records America, Inc. v. Lacey*, 510 F.Supp.2d 588, 593 n. 5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F.Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). "Even in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters.'" *PNCEF, LLC*, at *4, *quoting Anheuser Busch, Inc. v. Philpot*, 317 F.3d

1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").

In this case, Ms. Watson seeks lost wages in the amount of $10,413.72, compensatory damages for mental anguish in the amount of $25,000.00, and punitive damages in the amount of $25,000.00. She also requests an award for her attorneys' fees, expenses, and costs.

Under Title VII, a plaintiff may recover back pay, as provided in 42 U.S.C. § 2000e-5(g), and compensatory and punitive damages, as provided in 42 U.S.C. § 1981a(b). In addition, the court may award Ms. Watson, as a prevailing party, reasonable attorney's fees, as provided in 42 U.S.C. § 2000e-5(k). The damages sought by Ms. Watson are damages that are allowed under Title VII. The record, however, is inadequate for purposes of making an award of damages. Ms. Watson

has not provided any documentation showing her method of calculating her damages. For instance, she indicates that she is entitled to back pay in the amount of $10,413.72. She stated that she was paid $7.00, and usually worked 30 to 40 hours per week. She also stated that she usually was paid between $300 and $337 every two weeks. She further stated that her total lost wages were $22,190.50. From that figure, she deducted her interim earnings of $11,776.78, which leaves $10,413.72. An hourly wage of 7.00 per hour at thirty to forty hours per week should yield between $420 and $560 every two weeks, yet according to Ms. Watson, she was paid $300 to $337. Ms. Watson has also failed to provide any guidance on how she arrived at total lost wages, or back pay, in the amount of $22,190.50. In addition, Ms. Watson has not provided any evidentiary basis for seeking $25,000 in compensatory damages and $25,000 in punitive damages.[2] For these reasons, the court will schedule this case for a jury trial on the issue of damages.[3]

---

[2] The record is also not clear on the amount of punitive damages sought by Ms. Watson. She requests punitive damages "in the amount of two times [her] total compensatory damages for lost wages and mental anguish," yet the amount requested is $25,000.00. (Pl.'s Aff. of Damages, doc. 15-3, ¶ 16, filed Sept. 15, 2010). Two times her compensatory damages for lost wages and mental anguish would be $70,827.44.

[3] Because the Plaintiff demanded a trial by jury, the trial on the issue of damages must be a jury trial. *Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949), *cert. denied*, 338 U.S. 186, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

## CONCLUSION

For the reasons stated above, the Plaintiff, Christine Watson, is entitled to entry of a default judgment as to liability under FED. R. CIV P. 55 against the Defendants, Sumera, Inc. d/b/a Dairy Queen, and M. Reza, Inc. d/b/a Dairy Queen. A separate partial judgment order will be entered. In addition, the court will schedule a jury trial on the issue of damages. Finally, a final pretrial conference will be scheduled by a separate order.

**DONE** and **ORDERED** this the 30th day of November, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge