# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CHRISTINE WATSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:10-CV-336-VEH |
| | ) |
| **SUMERA, INC. D/B/A DAIRY** | ) |
| **QUEEN, AND M. REZA, INC.** | ) |
| **D/B/A DAIRY QUEEN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Christine Watson's ("Watson") Motion for Attorneys' Fees (doc. 29) and Supplemental Motion for Attorneys' Fees (doc. 31).

**I.   BACKGROUND**

Watson filed her Complaint in this Court on February 16, 2010, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that the Defendants retaliated against her by terminating her employment after she engaged in protected activities.  (Doc. 1).  The Summons and Complaint were served upon both Defendants on February 27, 2010.  (Docs. 6, 8).  The Defendants' answers were due on or before March 22, 2010.

On April 19, 2010, Watson filed a Motion for Clerk's Entry of Default against the Defendants. (Doc. 12). The Clerk's Entry of Default was filed on April 19, 2010. (Doc. 13). On September 15, 2010, Watson filed a Motion for Default Judgment. (Doc. 15). On September 16, 2010, the Court issued an Order to Show Cause why a Default Judgment should not be entered. (Doc. 16). The Defendants were ordered to show cause by October 15, 2010, why a default judgment should not be entered. *Id*. The Defendants failed to file any response to the Court's Order. The Court granted the Motion for Default Judgment and entered a Partial Final Judgment Order as to the Defendants' liability on November 30, 2010. (Doc. 20). A jury trial on the amount of damages only was held on April 18, 2011. A Partial Final Judgment was entered on April 18, 2011, in favor of Watson and against the Defendants in the total amount of $45,000. (Doc. 26).

**II.   ANALYSIS**

Title VII, 42 U.S.C. § 2000e-5k, provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." As the prevailing party, Watson seeks $17,700.00 in attorneys' fees and $375.96 in costs. (Doc. 31 at 2-3).

An attorney's fees award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum*

2

*v. Stenson*, 465 U.S. 886, 888 (1984). "This 'lodestar' may then be adjusted for the results obtained." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "Although a district court has wide discretion in performing these calculations, '[t]he court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" *Id.* (quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1304 (11th Cir. 1988)) (internal citation omitted). Accordingly, the court will analyze the application for attorney's fees using the lodestar method.

A.  **Reasonable Hourly Rate**

To determine a reasonable hourly rate, the court looks to the attorney's skill, experience, and reputation.[1] *Loranger*, 10 F.3d at 781. The "party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both

---

[1] In determining this amount, the court may consider the twelve *Johnson* factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1305 n. 8 (S.D. Fla. 2008) (citing *Schafler v. Fairway Park*, 147 Fed. Appx. 113 (11th Cir. 2005); *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). Typically, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. However, the court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger*, 10 F.3d at 781 ("A court, however, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (internal quotation omitted)).

Here, Watson's counsel have only provided the court with their sworn affidavits and their attorney time records to establish that the requested fee is reasonable. (Doc. 31-1; doc. 31-2). The time records list with particularity each task completed in litigating this case, the date the action was undertaken, and the hours to the nearest tenth expended on each task. (Doc. 31-1 ex. 1; doc. 31-2 ex. 2). A rate of $375.00 per hour is assigned to both attorneys. (Doc. 31 at 2-3).

Both Cynthia Wilkinson ("Wilkinson") and Larry Mann ("Mann") assert that they typically ask for a $375.00 rate, but fail to list any of those cases. (Doc. 31-1 at 2; doc. 31-2 at 2). Wilkinson was admitted to the Alabama bar in 1989 and has twenty-one years of experience in civil rights litigation and other complex Federal

Court litigation. (Doc. 31–1 at 10). For the past seventeen years, her practice has been dedicated exclusively to employment and civil rights litigation. (Doc. 31-1 at 11). Mann was admitted to the Alabama bar in 1992 and has nineteen years of experience in civil rights litigation and other complex Federal Court litigation. (Doc. 31-2 at 10). For the past eighteen years, his practice has been dedicated to employment and civil rights litigation. (Doc. 31-2 at 10).

Recent cases from courts within the Northern District of Alabama have concluded that an hourly rate of $375.00 is reasonable for attorneys with Wilkinson's and Mann's experience. *See Dixon v. Safelite Glass Corp.*, No. 2:91-cv-1750-UWC, (Doc. 81 at 1) (N.D. Ala. Nov. 13, 2003) (finding reasonable hourly rates of $450 and $375 for work done in the 1993-2003 timeframe); *Marks v. U.S. Sec. Assocs., Inc.*, No. 2:08-cv-459-KOB, (Doc. 326 at 3-5) (N.D. Ala. Sept. 28, 2010) (finding rate of $400 per hour reasonable in Title VII matter for attorney with twenty-three years experience and rate of $375 per hour reasonable for attorney with nineteen years experience). Thus, considering the rate awarded in other Title VII cases, the relative complexity of the matter, and the experience of the attorneys, the court finds that the hourly rate of $375.00 is a reasonable one for Wilkinson and Mann.

**B.    Reasonable Number of Hours**

Wilkinson avers that she worked 30.7 hours in the course of this matter. (Doc.

31-1 at 11). Mann avers that he worked 16.5 hours on this litigation. (Doc. 31-2 at 11). The Court finds that this figure represents a reasonable expenditure of time for such a matter, given that during this time Watson's counsel opened the file, drafted and filed the complaint, filed for default, conducted a trial on damages, and closed the file. Additionally, the Court does not find the work of the two attorneys unnecessarily duplicative. *See Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983) ("An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.").

Accordingly, the total number of reasonable hours spent by counsel on this case is 47.2 hours. Multiplied by the reasonable hourly rate of $375.00 per hour, the total amount of reasonable attorney's fees is $17,700.00.

**C.   Costs**

Watson seeks $375.96 in costs. (Doc. 31 at 3). These costs constitute the filing fee charged by the Court and postage. (Doc. 1 (noting filing fee of $350.00 in CM/ECF docket entry); doc. 31-3). The Court finds that Watson is due to be awarded these reasonable costs. *See Dowdell v. Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of

litigation, or as an aspect of settlement of the case may be taxed as costs[.]").

## III.  CONCLUSION

Watson's request for attorney's fees and costs is reasonable. Accordingly, Watson is entitled to:

1. An award of $17,700 in attorney's fees; and

2. An award of $375.96 in costs.

**DONE** and **ORDERED** this the 24th day of May, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge